IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricardo Cabbagestalk,<br><br>Plaintiff,<br><br>v.<br><br>Officer Dudley,<br><br>Defendant. | C/A No.: 1:26-cv-622-SAL<br><br>**ORDER** |

This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 9.] The magistrate judge recommends summary dismissal of this action on the ground that it is duplicative of *Cabbagestalk v. Dougley*, 3:23-cv-4581-SAL ("*Cabbagestalk I*"), an action previously before this court. *Id.* at 3–4. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 6. Plaintiff objects. [ECF No. 12.]

**Review of a Magistrate Judge's Recommendation**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to

reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

**Analysis**

As explained in the Report, this action is based on the same allegations as *Cabbagestalk I*, a case Plaintiff filed in 2023, which has since been resolved by settlement. *See Cabbagestalk I*, 3:23-cv-4581-SAL, ECF No. 128. Although Plaintiff moved to set aside the settlement in *Cabbagestalk I*, the court denied that motion. *See id.* Because this case is duplicative of *Cabbagestalk I*, it is subject to summary dismissal. *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) (Table) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one when the parties, issues, and available relief do not significantly differ between the two." (internal citations omitted)). Plaintiff objects to the recommended dismissal of this action, *see* ECF No. 12, but his objections primarily reassert arguments he made to this court regarding his settlement of *Cabbagestalk I*. The court held a hearing on Plaintiff's motion to set aside the settlement, considered his arguments, and denied that motion. Plaintiff has identified no new claim, factual basis, or legal theory that would justify permitting him to pursue the same dispute through

a separate action. In short, Plaintiff cannot use this duplicative action to relitigate matters that were resolved in *Cabbagestalk I*. Because the present action arises from the same allegations and seeks relief that substantially overlaps with the relief sought in the earlier case, dismissal is warranted. Plaintiff's objections are thus overruled.

After a thorough review of the Report, the applicable law, and the record of this case, and under de novo review, the court hereby **ADOPTS** the Report, ECF No. 9, and **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk is directed to mail a copy of this order to the address on file in this case and to the updated address Plaintiff provided in Cabbagestalk I.

**IT IS SO ORDERED.**

Sherri A. Lydon

August 25, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge